Harry G. Herman, S.
The court is asked to determine the proper allocation as between principal and income of a stock dividend declared February 14, 1961, by the Home Insurance Company, at which time the said corporation" transferred from earned surplus to capital an amount based on the par value of the stock multiplied by the number of shares being declared as dividend. This problem arises because the will is void of any instructions to the trustee.
Decedent died December 2, 1907, leaving a will which was admitted to probate on December 21, 1907. In view of the date of decedent’s death the court’s decision will be governed by Matter of Osborne (209 N. Y. 450). There, the court enunciated the proposition that extraordinary dividends not required for “ preserving the integrity of the trust fund ” would be distributable to income. By detailed computations in the account, the conclusion was reached by the trustee that the stock dividend of 50 shares and cash received in lieu of 30/100ths share of stock should properly be allocated to the income beneficiary as the value of the corpus has not been adversely affected by the dividend.
The court has examined the trustee’s computations and finds them to be correct. It sees no necessity for repeating them in this decision. Suffice to say, none of the stock dividend is necessary to preserve the trust principal intact; therefore, the dividend should be distributed to the life tenant (Matter of Osborne, supra; see, also, Matter of Payne [Bingham], 7 N Y 2d 1).